JACKSON & COMPANY *et al. vs.* RAINEY.

Where a widow entitled to dower is in possession of the dwelling-house, though the dower has not been assigned, she needs no injunction to restrain a creditor of the husband from causing a sale of the premises under execution, or to restrain the sheriff, before any sale has taken place, from turning her out and putting the purchaser in. She can give notice, at the sale, of her rights, and purchasers will buy subject thereto; and if they disturb her lawful possession it will be at their peril.

Injunction. Dower. Before Judge McCUTCHEN. Bartow County. At Chambers. November 19, 1879.

Mrs. Rainey filed her bill against certain judgment creditors of her deceased husband, and the sheriff of Bartow county, setting up her right to dower, though not yet assigned for reasons stated, her possession of the dwelling house, and praying that the defendants be enjoined from selling such house under execution, and interfering with her occupancy, etc.

The injunction was ordered, and the creditors excepted.

T. W. AKIN; BROYLES & JONES, for plaintiffs in error.

A. JOHNSON, by JACKSON & LUMPKIN, for defendant.

BLECKLEY, Justice.

The complainant either has or has not the dower right in the dwelling of her late husband, which she alleges in her bill. If, under the special circumstances, she has not the right, she is not entitled to any injunction; and if she has the right, she needs none. The Code, in section 1768, provides "that the widow is entitled to the possession of the dwelling-house from the death of her husband, and before dower is assigned." The complainant has possession, and if her theory of her rights be correct, she need not care whether the sheriff sells the property as that of her deceased

husband or not. She can give notice, at the sale, of her rights, and purchasers will buy subject thereto, and they cannot disturb her lawful possession but at the peril of answering as trespassers. It is not to be anticipated that they will attempt such a thing. Because the sheriff sells, it by no means follows that an entry will be made upon her, either with his assistance or without it. If injunction ever should be necessary, certainly an application for it now is premature.

Judgment reversed.